### John Garrett, Appellee, v. Anglo-American Provision Company, Appellant.

### Gen. No. 22,880.     (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 30, 1917.

### Statement of the Case.

Action by John Garrett, plaintiff, against the Anglo-American Provision Company, a corporation, defendant, to recover damages for personal injuries sustained as the result of the falling of a scaffold on which plaintiff was working. From a judgment for plaintiff for $6,000, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

HOLT, CUTTING & SIDLEY, for appellant; CHARLES S. HOLT and EDWIN C. AUSTIN, of counsel.

JAMES C. McSHANE, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1698a*—*when error in refusal of requested instruction is waived.* A party, after the refusal of its request for an affirmative instruction upon its theory of the law, cannot ask the court to instruct negatively as to the same theory of the law, without waiving error, if any upon the prior ruling.

2. WORKMEN'S COMPENSATION ACT, § 2*—*when employee is not bound by.* Where an employer has not given or posted a notice or statement of his intention to come within the Workmen's Compensation Act, as required by paragraph c, sec. 1 of the Act (J. & A. ¶ 5449), an employee is not bound by the provisions of the act.

3. WORKMEN'S COMPENSATION ACT, § 2*—*what is purpose of provisions as to posting of statement of compensation provisions by employer.* The purpose of paragraph c, sec. 1, of the Workmen's Compensation Act of 1911 (J. & A. ¶ 5449), requiring the giving to the employee or posting of a statement of the compensation provisions of the act in the work place, is to notify employees that the employer is operating under the act, so that they can protect their interests by filing a notice with the Bureau in case such employees should elect not to work under the act.

4. WORKMEN'S COMPENSATION ACT, § 12*—*what does not constitute variance between pleading and proof.* In an action for personal injuries by an employee against his employer, where the plaintiff alleged that the defendant had elected not to come under the provisions of the Workmen's Compensation Act of 1911, and witnesses testified that no statements or notices of the compensation provision were posted about the work place, *held* that such evidence did not constitute a variance with the pleadings, as the failure to post notices was consistent with refusal to come under the act.

5. WORKMEN'S COMPENSATION ACT, § 12*—*what evidence is competent as admission that employer was not under.* In an action for personal injuries by an employee against his employer, where

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Garrett v. Anglo-American Provision Co., 205 Ill. App. 411.

the question involved was as to whether or not the Workmen's Compensation Act of 1911 applied to the parties, *held* that a certified copy of a notice dated after the date of the accident that the defendant elected to come under the act as of the date of the notice, with a statement that before that time it had not come under the provisions of the act, was competent as an admission that the defendant was not under the act at the time the notice was filed.

6. MASTER AND SERVANT, § 823*—*when instruction as to amount of proof is erroneous.* In an action by an employee for personal injury, where plaintiff charged as negligence a violation of the so-called Structural or Building Act, Hurd's Rev. St. ch. 48 (J. & A. ¶ 5368 *et seq.*) *held* that an instruction that plaintiff must prove failure to erect the scaffold in a safe manner beyond a reasonable doubt was properly refused.

7. MASTER AND SERVANT—*what degree of proof required in action by servant for injuries due to violation of Structural Act.* An action for personal injuries based upon a violation of the so-called Structural or Building Act, Hurd's Rev. St. ch. 48 (J. & A. ¶ 5368 *et seq.*), is not an action to enforce a penalty, but a civil action to recover compensation for injuries, and the plaintiff is required to prove his case by a preponderance of the evidence only, and not beyond a reasonable doubt.

8. MASTER AND SERVANT, § 778*—*when instruction is properly refused as not conforming to evidence.* In an action for personal injuries by an employee against his employer, where the plaintiff charged a violation of the Structural or Building Act, and an instruction, that if the plaintiff himself was guilty of violating the statute the jury should find the defendant not guilty, was refused, *held* that such refusal was proper, as it was shown without contradiction that plaintiff had nothing whatever to do with the erection or construction of the scaffold.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.